# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 17-cr-489 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| DAVID SANCHEZ | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons set forth below, Defendant David Sanchez's motion to suppress [61] is denied. The case remains set for trial on August 12, 2019.

**I.  Background**

Defendant David Sanchez is charged with possession with intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count One), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two), distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count Three), and possession of a firearm while being an alien illegally and unlawfully in the United States in violation of 18 U.S.C. §922(g)(5)(A) (Count Four).

The Court draws the following facts from the parties' briefs and filed exhibits.[1] See [61], [67], and [67-1]. On February 22, 2017, law enforcement obtained a state search warrant authorizing the search of Defendant's person and his apartment, located at 4807 W. Argyle Avenue, Unit #1, in Chicago, Illinois. See [67-1]. The affidavit in support of the search warrant stated that a confidential source had met Sanchez in his apartment and that Sanchez had offered to sell him firearms and ammunition, which he had in the apartment and showed to the confidential

---

[1] Defendant did not request an evidentiary hearing, and the Court does not see in Defendant's motion "definite, specific, detailed, and nonconjectural facts" to establish that there are disputed issues of material fact sufficient to warrant a hearing. *United States v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995).

source. The source also stated that Sanchez sold illegal narcotics, such as cocaine, crystal methamphetamine, and marijuana and that Sanchez had a concealed weapon on his person at all times. The search warrant authorized the seizure of "any and all illegal firearms, ammunition, narcotics substances and all instruments, articles, and things used in manufacture, distribution, and possession of methamphetamine, including records/documents, United States Currency, proof of residency, safes or lock-boxes, and any indicia thereof."

On February 24, 2017, DEA agents and local police arrived at Sanchez's apartment to execute the warrant. They encountered Defendant, who was carrying a green bag, in an alley near the apartment. Officers detained Defendant in order to verify his identity. They presented him with a copy of the search warrant, and, when questioned, Defendant admitted to officers that he had a gun, gesturing towards his waistband area. The officers conducted a pat-down search and recovered a loaded 9 mm pistol from inside Defendant's waistband. Officers placed Defendant under arrest, took custody of the green bag, and escorted defendant inside his apartment. Officers then searched the green bag and recovered $3,662 in cash, a notebook with records of various transactions (which the Government asserts is a drug ledger), and a valid Mexican passport in Defendant's name.

Defendant now moves to suppress the evidence recovered from the green bag. [61]. Defendant claims that he had a reasonable expectation of privacy in the bag and that the arresting officers should have sought a separate warrant to search the bag. Because the search of the bag was a search incident to a lawful arrest, Defendant's motion to suppress [61] is denied.

**II.     Legal Standard**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV.

The Fourth Amendment generally requires that the issuance of a warrant supported by probable cause precede any search, with a few exceptions. *Stanley v. Henson*, 337 F.3d 961, 963 (7th Cir. 2003). A search incident to a lawful arrest is one of those exceptions. *United States v. Robinson*, 414 U.S. 218, 224 (1973) ("It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment."). This exception has generally been formulated into two distinct propositions: first, that "a search may be made of the person of the arrestee by virtue of the lawful arrest," and second, "that a search may be made of the area within the control of the arrestee." *Id.* The Seventh Circuit has applied this exception to include bags in the possession of detainees at the time of their arrests. *E.g. United States v. Hill*, 818 F.3d 289, 295 (7th Cir. 2016) (finding that search of bag defendant was holding at the time he was detained was a permissible search incident to arrest, and affirming denial of defendant's motion to suppress search of the bag); *United States v. Rutley*, 482 F. App'x 175, 177 (7th Cir. 2012) ("The search of [defendant's] bag was valid as a search incident to arrest, because the Fourth Amendment permits officers to search, without a warrant, any container carried by an arrestee, including bags, purses, wallets, and books."); and *United States v. Leung*, 929 F.2d 1204, 1208 (7th Cir. 1991) (noting that DEA agent who identified and arrested suspected lookout in narcotics transaction was entitled to search detainee's bag incident to the arrest).

### III. Analysis

The search Defendant seeks to suppress was a permissible search incident to arrest. Law enforcement officers had a warrant to search Defendant's person and apartment. While moving to execute the warrant, they encountered Defendant outside his apartment and detained him. Defendant conveyed that he had a firearm in his waistband; the officers conducted a pat-down, found a firearm, and placed Defendant under arrest. Defendant's motion to suppress does not

3

argue that the arrest was not lawful, and the record before the Court does not provide a reason to conclude that it was not lawful. At that point, the officers were permitted to search the area within the control of the arrestee, including the green bag he was holding. *Hill*, 818 F.3d at 295; *Rutley*, 482 F. App'x at 177.

Searching the bag inside the apartment—instead of in the alley immediately after arresting Defendant—does not render the search constitutionally defective. The Seventh Circuit has stated that if officers conduct a search limited to an area under defendant's control at the time of his arrest, "the fact that it is no longer under his control at the time of the search does not invalidate the search." *United States v. Tejada*, 524 F.3d 809, 812 (7th Cir. 2008); see also *United States v. Askew-Bell*, 306 F. App'x 292, 296 (7th Cir. 2009) ("The fact that a particular object is no longer under the defendant's control at the time of the search is not enough to invalidate that search."). The rationale for this rule is that if officers could lawfully have searched the defendant's grabbing radius at the moment of arrest, he has no legitimate complaint if, the better to protect themselves, the officers first put him outside that radius. *Tejada*, 524 F.3d at 812. Here, Defendant has no legitimate complaint that the search of the green bag did not occur in the alley immediately after his arrest. *Id.* The Court concludes that the search of Defendant's green bag was a valid search incident to a lawful arrest and did not require a separate search warrant.

IV. **Conclusion**

For these reasons, Defendant's motion to suppress [61] is denied. The case remains set for trial on August 12, 2019.

Dated: July 17, 2019

_____
Robert M. Dow, Jr.
United States District Judge

4